[Civ. No. 27286.   Second Dist., Div. One.   July 22, 1963.]

M. F. TURNER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; LILLIAN KASSUBA, Real Party in Interest.

L. E. Schweiner and Allan S. Garber for Petitioner.

No appearance for Respondent.

Ross, Price & McDaniel and James Ross for Real Party in Interest.

THE COURT.—Petitioner, M. F. Turner, seeks a writ of mandate to compel the Superior Court of Los Angeles County to enter its order quashing service of summons on the ground that the court did not acquire *in personam* jurisdiction as the result of service of process on him in the State of Washington.

Lillian Kassuba, real party in interest herein, filed an action on June 14, 1962, in which she seeks damages for personal injuries allegedly suffered on September 18, 1961, as the result of a bowling ball falling off a ball return and holding rack at a bowling alley in Los Angeles County. She alleges negligence and breach of warranty. Joined as one of the defendants is petitioner herein, "M. F. Turner, doing business under a Certificate of Assumed Business Name as Turner Twin," as the manufacturer of the rack. Pursuant to affidavit of plaintiff's counsel, the court made its order for service by publication and petitioner was personally served in the State of Washington. The order states that it appears from the affidavit that "the Defendant M. F. Turner, doing business under a Certificate of Assumed Business Name as Turner Twin (sued herein as Doe I) resides out of the State of California,"

and "that the place of residence of said Defendant is 8454 S. 228th Street, Kent, Washington or 1125 W. Shinn, Kent, Washington."

M. F. Turner appeared specially in the action and moved to quash service of summons. He supported his motion with his personal affidavit, the allegations of which are uncontradicted. No affidavit in opposition was filed.

The motion was denied, whereupon the within petition was filed pursuant to section 416.3, Code of Civil Procedure, and an alternative writ of mandate issued from this court. Real party in interest appears only by general demurrer, and the superior court, as respondent, has filed no separate return. Thus the factual allegations of the petition stand admitted. (See *Confidential, Inc.* v. *Superior Court,* 157 Cal.App.2d 75, 77 [320 P.2d 546].) We are of the view that the petition states facts sufficient to justify the issuance of the writ and the demurrer is therefore overruled.

In his affidavit in support of the motion to quash, petitioner alleges that he is a sole proprietor doing business under the firm name of Turner Twin Company situated at Kent, Washington. This allegation is not controverted in any manner and no claim is made that petitioner is a foreign corporation or foreign partnership. It is clear that petitioner was sued as an individual, the words "doing business under a Certificate of Assumed Business Name as Turner Twin" being "merely descriptio personae." (See *Thompson* v. *Palmer Corp.,* 138 Cal.App.2d 387, 394 [291 P.2d 995].) It is also clear that service was made upon Turner pursuant to the provisions of sections 411, subdivision 9, 412 and 413 of the Code of Civil Procedure, as a person who "resides out of the state." Unquestionably the relief sought against petitioner is a personal judgment. The admitted allegation of the petition is that petitioner "did not and has never resided in California." Section 417 of the Code of Civil Procedure therefore precludes the entry of a personal judgment against him.

The position of real party in interest, as indicated by the points and authorities filed in opposition to the motion in respondent court, and in support of the demurrer herein, is that "the personal service on Turner in the state of Washington, combined with all of the other factors in this particular case, gives jurisdiction to the Court and it would not be a violation of any due process . . . as all of the tests as stated above are *meand* [*sic*]." The "tests" to which real

party has reference are the "minimum contacts" requirement of due process, and the various "factors" to be considered, as discussed and enumerated in *Thomas* v. *J. C. Penney Co.*, 186 Cal.App.2d 223, 231 [8 Cal.Rptr. 721], and similar cases, when ascertaining whether a foreign corporation is "doing business" in this state. The "minimum contacts" as applied to a person outside the state were embodied in section 417 of the Code of Civil Procedure which "as a clarifying statute, set forth the restrictive conditions under which this state would assert *in personam* jurisdiction, thereby leaving no doubt that this state was conforming in this regard with 'traditional notions of fair play and substantial justice . . . implicit in due process . . .' (*Milliken* v. *Meyer, supra,* p. 463 (311 U.S. 457 [61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357])." (*Allen* v. *Superior Court,* 41 Cal.2d 306, 313 [259 P.2d 905].) Section 417 provides: "Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with sections 412 and 413, the court shall have the power to render a personal judgment against such persons only if he was personally served with a copy of the summons and complaint, and was a resident of this State (a) at the time of the commencement of the action, or (b) at the time that the cause of action arose, or (c) at the time of service." In *Hartford* v. *Superior Court,* 47 Cal.2d 447, 453 [304 P.2d 1], the court states that by reason of section 417 "[i]t is unnecessary to decide whether any constitutional basis other than domicile may exist in this case for asserting personal jurisdiction over defendant by process served elsewhere." And in *Atkinson* v. *Superior Court,* 49 Cal.2d 338, 346 [316 P.2d 960], it is stated: "In the present case, since the trustee is not and has not been a resident of California, section 417 of the Code of Civil Procedure precludes the entry of a personal judgment against him, and it is therefore unnecessary to determine whether his activities as trustee have sufficient connection with this state constitutionally to justify an assumption of personal jurisdiction without service of process here." See also *Owens* v. *Superior Court,* 52 Cal.2d 822 [345 P.2d 921, 78 A.L.R.2d 388], wherein the court states, with regard to tortious acts within this state, at page 832: "It [the Legislature] has provided, . . . that our courts shall have personal jurisdiction pursuant to sections 412 and 413 of the Code of Civil Procedure to the extent constitutionally permissible if the conditions of section 417 are met." Thus the argument of counsel with

respect to the extent of petitioner's activities in California is without merit.

Since it is undisputed that petitioner is an individual who did not at any time relevant herein reside in the State of California, service upon him outside the state was ineffective to give the court power to enter a personal judgment against him. (Code Civ. Proc., § 417; *Hartford* v. *Superior Court, supra,* 47 Cal.2d 447, 453, 457.)

Let a peremptory writ of mandate issue, requiring respondent court to enter its order quashing the service of summons upon petitioner in action Number NW C 1230 in that court.