[Civ. No. 34590. First Dist., Div. One. June 27, 1974.]

LEONARD T. SHEARD et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
ALLEN S. JARVIS, Real Party in Interest.

▮

## COUNSEL

Sedgwick, Detert, Moran & Arnold and John B. Marchant for Petitioners.

No appearance for Respondent.

George C. Martinez and James D. Hatfield for Real Party in Interest.

## OPINION

**MOLINARI, P. J.**—In this proceeding we issued an alternative writ of mandate upon a petition seeking a writ of mandate commanding respondent court to issue its order quashing service of summons.

On October 18, 1972, real party, a California resident, instituted an action for damages for personal injuries against defendant Sheard Science Supplies, Inc. (hereinafter "Sheard"), a Wisconsin corporation. The first amended unverified complaint for damages served on Sheard named Sheard and 75 defendants sued under fictitious names. Sheard answered the complaint. Real party also caused a copy of the summons and the first amended complaint to be served on petitioners in Wisconsin as defendants named Doe One through Five in the complaint on September 21 and 22, 1973. Petitioners, on November 15, 1973, filed a motion to quash the service of summons made upon them on the ground of lack of jurisdiction of respondent court over petitioners pursuant to the provisions of Code of Civil Procedure section 418.10. This motion, supported by petitioners' affidavits, was noticed for hearing on November 29, 1973.

On December 31, 1973, real party filed notice of motion for leave to

# 210

amend the complaint. This motion was accompanied by a memorandum of points and authorities opposing the motion to quash summons and supporting the motion for leave to amend the complaint, the proposed second amended complaint for damages, and the declaration of real party's attorney. Real party's motion was noticed for hearing for January 11, 1974.

On January 28, 1974, petitioners filed a response to real party's memorandum of points and authorities. Both motions were apparently continued to January 25, 1974, and were heard on that date. Following the hearing the court made two orders. It first ordered that the motion to quash service of summons be denied, and then ordered that the motion for an order permitting amendment to the complaint be granted and directed that real party file a second amended complaint identical in form and content to the proposed amended complaint. The record does not disclose whether the second amended complaint was ever filed.

Petitioners contend that since they at no time resided in the State of California and owned no property or did any business in California service upon them outside the state was ineffective to give respondent court in personam jurisdiction over them. Real party, in turn, contends that since Sheard has admitted doing business in this state and the complaint alleges that Sheard is the *alter ego* of petitioners, who are its stockholders, respondent court has jurisdiction over both Sheard and petitioners.

With particular respect to real party's contention we observe that it has been held in this state that if a subsidiary corporation acts as an agent of the parent corporation or is so controlled by the parent as to justify disregard of the separate entity jurisdiction over the subsidiary will support jurisdiction over the parent. (*Empire Steel Corp.* v. *Superior Court,* 56 Cal.2d 823, 832 [17 Cal.Rptr. 150, 366 P.2d 502]; see also Rest. 2d Conflict of Laws, § 52, com. (b).) ■ Upon analogy we are persuaded that where a corporation is the *alter ego* of the stockholders so as to justify disregard of the corporate entity jurisdiction over the corporation will support jurisdiction over the stockholders. (See *Associated Vendors, Inc.* v. *Oakland Meat Co.,* 210 Cal.App.2d 825, 836-842 [26 Cal.Rptr. 806].)

■ Adverting to the instant case we first observe that the scope of appellate review is limited to a determination of whether there is substantial evidence in the record before the reviewing court to support the order of the trial court, resolving factual issues in favor of the prevailing party. (*Murray* v. *Superior Court,* 44 Cal.2d 611, 619-620 [284

P.2d 1]; *National Life of Florida Corp.* v. *Superior Court,* 21 Cal.App.3d 281, 285 [98 Cal.Rptr. 435].) ■ We also note, preliminarily, that where a defendant properly moves to quash service of summons the burden is on the plaintiff to prove facts requisite to the effective service. (*Atkins, Kroll & Co.* v. *Broadway Lbr. Co.,* 222 Cal.App.2d 646, 653 [35 Cal.Rptr. 385, 12 A.L.R.3d 880]; *Turner* v. *Superior Court,* 218 Cal.App.2d 468, 472 [32 Cal.Rptr. 717]; *Holtkamp* v. *States Marine Corp.,* 165 Cal.App.2d 131, 137 [331 P.2d 679]; *Briggs* v. *Superior Court,* 81 Cal.App.2d 240, 251 [183 P.2d 758].)

■ In support of their motion to quash petitioners filed an affidavit asserting that Sheard is a Wisconsin corporation, maintaining no offices or places of business in California and having no agents or employees who are residents of California; that all business transacted with residents of California is done in interstate commerce; and that petitioners are the directors and owners, in varying specified proportions, of all the issued and outstanding stock of Sheard. In addition each of petitioners filed an affidavit stating that petitioner is a resident of the State of Wisconsin; that petitioner has never resided and does not now reside in the State of California; that petitioner has never owned and does not now own any real property in the State of California; and that petitioner has never as an individual transacted intrastate business in the State of California or business in interstate commerce with any California resident.

The affidavit filed by real party in opposition to the motion to quash was in the form of a declaration made by his attorney. This declaration was also offered in support of the motion for leave to amend the complaint. There are no facts stated in this declaration which would establish that Sheard was the *alter ego* of petitioners. The declaration has attached to it an exhibit consisting of a letter addressed to real party's attorneys by Sheard. This letter states, in essence, that Sheard is a small Wisconsin corporation; that it has no product liability insurance or any other insurance of any kind; that Sheard was not financially able to litigate the lawsuit, and that the litigation could result in forcing Sheard out of business and to be dissolved. The declaration alleges that the declarant believes it would be in the interests of justice to permit him to prove the allegations set forth in the proposed second amended complaint because if the statements contained in Sheard's letter were true there could be no recovery against Sheard for real party's injuries.

■ There are two requirements to the application of the *alter ego* doctrine. These are (1) that there be such a unity of interest and owner-

ship that the separate personalities of the corporation and the individuals no longer exist and (2) that, if the acts are treated as those of the corportation alone, an inequitable result will follow. (*Automotriz etc. De California* v. *Resnick,* 47 Cal.2d 792, 796 [306 P.2d 1, 63 A.L.R.2d 1042]; *Stark* v. *Coker,* 20 Cal.2d 839, 846 [129 P.2d 390]; *Associated Vendors, Inc.* v. *Oakland Meat Co., supra,* 210 Cal.App.2d 825, 837.) ▮ Real party's declaration does not allege sufficient facts to establish these requirements nor are they supplied by petitioners' affidavits.

Real party's declaration does not appear to be one directed to establishing that Sheard was the *alter ego* of defendants. Its real import is not to prove the facts establishing an *alter ego* relationship requisite to an effective service of process but to show that real party had good cause to amend his complaint to allege facts under the *alter ego* theory which he might be able to prove at trial.

We observe, further, that at the time the motion to quash was heard the extant complaint was the first amended complaint. ▮ ▮ This complaint was unverified and therefore could not serve as an affidavit. (See *Atkins, Kroll & Co.* v. *Broadway Lumber Co., supra,* 222 Cal.App.2d 646, 653; *Albertson* v. *Raboff,* 185 Cal.App.2d 372, 388 [8 Cal.Rptr. 398]; *Quick* v. *Corsaro,* 180 Cal.App.2d 831, 835 [4 Cal.Rptr. 674]; *Fuller* v. *Lindenbaum,* 29 Cal.App.2d 227, 230 [84 P.2d 155].) In any event, this complaint contains no allegations seeking to impose liability on petitioners on the theory that Sheard was the *alter ego* of petitioners. It was the purpose of the motion to amend to make such allegations. The allegations in the first amended complaint that defendants Doe One through Doe Ten were doing business under the name of Sheard do not suffice to allege an *alter ego* relationship but, assuming that they did *and that the complaint was verified,* the facts purported to be stated are hearsay and must be disregarded because they are made on information and belief. (*Franklin* v. *Nat. C. Goldstone Agency,* 33 Cal.2d 628, 631 [204 P.2d 37]; *Gutierrez* v. *Superior Court,* 243 Cal.App.2d 710, 725 [52 Cal.Rptr. 592]; *Riviello* v. *Journeymen Barbers etc. Union,* 88 Cal. App.2d 499, 503 [199 P.2d 400].)[1]

[1]There appears to be authority for the rule that affidavits on information and belief, although conclusions or hearsay, become evidence when admitted without objection. (*Holtkamp* v. *States Marine Corp., supra,* 165 Cal.App.2d 131, 137; *Fallon* v. *Fallon,* 86 Cal.App.2d 872, 874 [195 P.2d 878].) Assuming that this is a correct rule, objection to the allegation was made by petitioners in their memorandum of points and authorities on the ground that it was made on information and belief in an *unverified* complaint.

Let a peremptory writ of mandate issue directing respondent court to quash the service of summons made on petitioners.

Sims, J., and Elkington, J., concurred.