**Paul L. SWENSEN, Plaintiff,**

v.

**Clint W. MURCHISON, Jr., Defendant.**

**No. C–80–2135 WHO.**

United States District Court,
N. D. California.

Jan. 20, 1981.

Stephen C. Tausz, Bronson, Bronson & McKinnon, Wayne B. Cooper, Farrand, Malti, Spillane, Cooper & Carpenter, San Francisco, Cal., for plaintiff.

Steinhart, Falconer & Morgenstein, Eliot S. Jubelirer, Jean L. Berg, San Francisco, Cal., Jenkens & Gilchrist, Marshall Simmons, William D. Sims, Jr., Dallas, Tex., for defendant.

## OPINION

ORRICK, District Judge.

In this diversity action brought by the plaintiff, a California resident, to recover a finder's fee based on an alleged oral contract made in California, defendant, Clint W. Murchison, Jr., a Texas resident, has moved the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the action on the grounds that the Court has no personal jurisdiction over him and that the complaint fails to state a claim

because the alleged oral contract is within the statute of frauds. For the reasons hereinafter set forth, the Court denies the motion and holds that it has limited jurisdiction over the defendant and that the complaint does state a cause of action.

## I

Defendant is a Texas resident having extensive business interests worldwide, including California and Texas. In California, he is chairman of the board of Optimum Systems, Inc., owns a controlling interest in Centex Corp. through a Texas partnership called "Murchison Brothers" and has an unspecified interest in Tecon Services, Inc. In Texas, he serves as chairman of the board of the Dallas Cowboys and has a large interest in a construction company, TSI. TSI, itself, owns nine parcels of developed and undeveloped real estate in California worth about 500 million dollars.

Plaintiff alleges that he entered into an oral contract with defendant pursuant to which he would receive an annual salary of $50,000 for his services as a consultant, plus a finder's fee of five percent of the value of any property involved in any joint venture formed between defendant and investors introduced by plaintiff to defendant. Plaintiff alleges that he introduced defendant to an investor named Khashoggi, who owned property in Houston, and that they formed a joint venture to develop the Khashoggi property by constructing an hotel, office buildings, and condominiums. Plaintiff estimates the value of the property at 20 million dollars and seeks a five percent commission of one million dollars. Defendant denies that plaintiff and he ever agreed upon a commission for this specific project.

## II

■ A federal district court acting under diversity jurisdiction applies the jurisdiction statute of the state in which it sits unless the state's assertion of jurisdiction violates due process. *Forsythe v. Overmyer*, 576 F.2d 779, 782 (9th Cir. 1978), *cert. denied*, 439 U.S. 864, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978). California's long-arm statute, Cal.Code Civ.Proc. § 410.10,[1] is coextensive with the outer limits of the due process clause of the federal and California constitutions as defined by the United States Supreme Court. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1286-87 n.3 (9th Cir. 1977); *Threlkeld v. Tucker*, 496 F.2d 1101, 1103 n.2 (9th Cir. 1974), *cert. denied*, 419 U.S. 1023, 95 S.Ct. 499, 42 L.Ed.2d 297 (1974). The Court need not make a separate determination of due process requirements under the California Constitution.

■ Analysis of personal jurisdiction begins with the time-worn formula set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), that a nonresident must have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play. The Court may have one of two types of personal jurisdiction over a nonresident: general or limited. A court which has general jurisdiction over a nonresident may hear any suit against the defendant. The cause of action need not arise from the defendant's forum-related activities. The minimum contacts standard is satisfied to establish general jurisdiction over a nonresident when a defendant's activities within the state are "substantial" or "continuous and systematic." *Id.* at 318, 66 S.Ct. at 159; *Data Disc, supra*, 557 F.2d at 1287.

■ Under these standards, plaintiff has not shown the Court that defendant's contacts with this forum are substantial or continuous and systematic[2] to establish

---

1. "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

2. Plaintiff asserts the following facts:

1. Defendant has made numerous business appearances in California, including:

    a. A meeting in Los Angeles with the president of the Circle Star Theatre;

512

general jurisdiction over defendant. In *Forsythe*, the court held that California had no general jurisdiction over a nonresident who visited the state at least twice a year to meet with the managers and vice-presidents of several California corporations he controlled. In *Cornelison v. Chaney*, 16 Cal.3d 143, 148–149, 127 Cal.Rptr. 352, 545 P.2d 264 (1976), the court found that defendant, who made twenty trips to California over a seven-year period to deliver or pick up freight, was not subject to general jurisdiction of California courts. Defendant's activities within California are no more substantial.[3]

■ The Court does, however, have limited jurisdiction over defendant for the present cause of action. When a court has limited jurisdiction over a nonresident, it may only hear claims arising out of defendant's forum-related activities. The minimum contact standard of *International Shoe* is significantly less to establish limited jurisdiction. Whether limited jurisdiction exists turns on an evaluation of the nature and quality of the defendant's contacts which relate to the cause of action. *Data Disc, supra*, 557 F.2d at 1287. The Ninth Circuit directs the Court to consider the following:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable."

*Id.* and cases cited therein.

■ Applying this analysis, the Court has considered all of defendant's California activities surrounding his working relationship with plaintiff, and has found sufficient facts to establish limited jurisdiction as described below.[4]

b. Attendance at the Dallas Cowboys/San Francisco 49ers football games where he also conducts other business;

c. Attendance at plaintiff's cocktail parties where plaintiff would introduce defendant to potential investors.

2. Defendant gave his personal guarantee for loans by Crocker National Bank to officers of Optimum Systems; the Murchison Brothers gave its personal guarantee, backed by stock holdings, for a Crocker loan to Optimum Systems.

3. Defendant "controls" several corporations doing business in California: Tecon Services, Optimum Systems, and TSI.

4. The articles of incorporation of a Nevada corporation, TeCe, lists defendant as a director with a post office address in care of Tecon Services of San Francisco.

3. Plaintiff also advances other theories upon which the Court could predicate general jurisdiction over defendant, all of which are without merit. The personal guarantees given by defendant for loans by California banks to Optimum Systems' officers do not establish general jurisdiction. Although such a guarantee may be sufficient for the Court to assert limited jurisdiction for claims arising out of the loan transaction under *Forsythe v. Overmyer*, 576 F.2d 779, 784 (9th Cir. 1978), defendant's guarantee does not relate to plaintiff's cause of action. Defendant's stock ownership and position as officer or director in California corporations also does not support a finding of general jurisdiction over claims unrelated to these corporate activities. *Cf. Wells Fargo & Co. v. Wells Fargo Export Co.*, 556 F.2d 406, 420–421 (9th Cir. 1977); *Sheard v. Superior Court*, 40 Cal.App.3d 207, 211–212, 114 Cal.Rptr. 743 (1974). Nor can defendant be characterized as the alter ego of his corporations. Plaintiff has not raised facts showing "such a unity of interest and ownership that the separate personalities of the corporation and the [individual] no longer exist." *Automotriz del Golfo de California v. Resnick*, 47 Cal.2d 792, 796, 306 P.2d 1 (1957). Finally, the articles of incorporation of a Nevada corporation, TeCe, which lists defendant's mailing address in care of Tecon Services in San Francisco is simply not a substantial contact with the state.

4. The Court notes that the parties disagree as to which facts gave rise to plaintiff's cause of action due to their conflicting views of the alleged contract's duration. Plaintiff asserts that he contracted with defendant in February of 1975 at the latest. Plaintiff's dep. 22–23. This contract, which entitled him to a 5 percent commission covered all efforts he made to bring investors to defendant from 1975 on. Thus, plaintiff argues, any contacts with California made by defendant in connection with plaintiff's consulting activities should be considered by the Court in its minimum contact analysis. Defendant argues that plaintiff performed under discrete contracts with defendant

Defendant personally conducted business with plaintiff within California on several occasions. He met with plaintiff in Los Angeles in February of 1975 to fix plaintiff's commission rate. Plaintiff's dep. 23–25. He also met briefly with plaintiff in Los Angeles sometime before February, 1975, to discuss an Hawaiian investment project. Plaintiff's dep. 30–31. While visiting Los Angeles another time, defendant conferred with plaintiff and another consultant to work out a fee-splitting arrangement which resulted from another introduction. Plaintiff's Exhibit 1. Defendant and plaintiff discussed a modification of the commission rate during a football game in San Francisco. Plaintiff's dep. 35. Plaintiff arranged cocktail parties at his home in San Francisco to introduce defendant to California and other potential investors. Plaintiff's dep. 44–46. Plaintiff also introduced defendant to investors elsewhere in California. Plaintiff's dep. 46–50.

Defendant "purposefully availed himself of the privilege of conducting" his working relationship with plaintiff within California in other ways besides being physically present here. Cf. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–298, 100 S.Ct. 559, 567–68, 62 L.Ed.2d 490 (1980). He recruited plaintiff by telephone to act as his consultant while plaintiff was working in San Francisco for an investment firm. Plaintiff's dep. 15–19. He arranged for plaintiff to use office space and secretarial services at Tecon in San Francisco, Plaintiff's affidavit ¶ 9, Dep. 41, and provided for Tecon to pay plaintiff's salary for a period of time. Plaintiff's dep. 37. Finally, defendant personally guaranteed loans to plaintiff by California banks and paid the loans off as a means of paying plaintiff his commission for the Kuwaitian investment project. Plaintiff's dep. 55.

In view of these contacts of defendant with California, the exercise of limited jurisdiction over defendant by the Court is reasonable. California has an interest in providing a legal forum for its residents who have entered into and partially performed a contract within the state. Texas' sovereignty is not offended by requiring defendant to defend a lawsuit here in light of his voluntary activities within California. Cf. *World-Wide Volkswagen, supra,* 444 U.S. at 293, 100 S.Ct. at 565. Witnesses are residents in both California and Texas. Nor is defendant unduly burdened. He is a wealthy businessman who often travels. He has ready access to California counsel due to his various business interests in this state.

### III

Defendant contends that plaintiff's suit should be dismissed because the oral agreement upon which he is suing is invalid under the California statute of frauds and the Texas Real Estate License Act.

Section 1624(5) of the California Civil Code [5] invalidates an oral agreement em-

---

for each investment project. Thus, the right to a commission for each transaction derived from separate contracts. Defendant asserts that his California activities with the Kuwaitian investment project (Plaintiff's dep. 32–33), for example, did not give rise to plaintiff's cause of action involving the Khashoggi project. Under defendant's interpretation of the parties' contractual relationship, the Court should only consider defendant's activities within California relating to the Khashoggi project. Since plaintiff need only demonstrate that the 1975 contract covered all subsequent efforts by plaintiff, rather than prove it by a preponderance of the evidence, *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285–1286 (9 Cir.), the Court accepts plaintiff's interpretation of the contract.

Plaintiff alleges in his complaint that he entered into a contract with defendant to locate the owners of some Houston property in 1978. This allegation conflicts with the assertions made in his affidavit and deposition that a more general contract covering all transactions was formed in 1975. The Court orders plaintiff to amend his complaint to conform with his subsequently submitted material.

**5.** Section 1624 of the California Civil Code provides, in part:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent:

    \*     \*     \*     \*     \*     \*

5. An agreement authorizing or employing an agent, broker, or any other person to

ploying a person to introduce or find a purchaser or seller of real estate or a lessee or lessor of real estate if the lease extends beyond one year. Sections 6573a(1) and (2) of the Texas Real Estate License Act requires a person to possess a broker's license if he

> "(I) procures or assists in the procuring of prospects for the purpose of effecting the sale, exchange, lease, or rental of real estate; or
>
> (J) procures or assists in the procuring of properties for the purpose of effecting the sale, exchange, lease, or rental of real estate."

Plaintiff admits that he is not a licensed real estate broker in Texas or California. Plaintiff's dep. 63.

 On a motion to dismiss for failure to state a complaint, the Court examines only the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Material allegations of the complaint are taken as admitted, and the complaint is to be liberally construed in favor of the plaintiff. *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987 (9th Cir. 1976).

Plaintiff's complaint is legally sufficient because he did not aver that the agreement between defendant and him contemplated a sale, lease, exchange, or rental of the Houston property involved. Paragraph 3 of the complaint states that plaintiff's commission was dependent upon defendant and the landowner of the Houston property (Khashoggi) entering "into a business venture respecting the land." Paragraph 4 states that defendant and the landowner did enter into a venture for the "development" of the land.

To the extent that plaintiff and defendant did not contemplate a sale, lease, exchange, or rental of the land arising from this business venture, plaintiff's cause of

purchase or sell real estate, or to lease real estate for a longer period than one year, or to procure, introduce, or find a purchaser or seller of real estate or a lessee or lessor of real estate where such lease is for a longer period than one year, for compensation or a commission."

action is valid. Further discovery in the proceedings may lead to a disposition of this case by summary judgment on this issue.[6]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss for lack of personal jurisdiction and for failure to state a claim is denied.

2. Plaintiff shall amend his complaint to conform with his subsequently submitted material.

---

6. Defendant is also free to move for a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure in response to plaintiff's amended complaint on grounds different from those decided in this Opinion.