[No. B032159. Second Dist., Div. Three. July 27, 1988.]

GILBERT SILVERMAN, Petitioner, v.

THE SUPERIOR COURT OF THE COUNTY OF LOS ANGELES, Respondent;

GALPER REAL ESTATE CORPORATION, Real Party in Interest.

COUNSEL

John F. Dunne, Jr., and Michelle Rodenborn for Petitioner.

No appearance for Respondent.

Polston, Schwartz, Hamilton & Fenster and Barry R. Schlom for Real Party in Interest.

OPINION

DANIELSON, J.—Gilbert Silverman (Silverman) seeks a writ of mandate or prohibition to restrain the superior court for Los Angeles County from proceeding further in this action and to compel the court to grant his motion to quash service of summons on him. On March 29, 1988, we deemed the petition to be one for a writ of mandate under Code of Civil Procedure section[1] 418.10, subdivision (c), and issued an alternative writ of mandate.

In this decision we hold that the rule of immunity from service of process of nonresident parties to litigation while in California to participate in litigation proceedings is no longer the law in California.

FACTUAL AND PROCEDURAL HISTORY

This proceeding is related to the case of Galper Real Estate Corporation (Galper) v. SMC Real Corporation, Los Angeles Superior Court No. C404327 (hereafter the SMC case). A summary of the SMC case is necessary to the discussion of the proceeding at bench.

On September 29, 1986, judgment was entered in the SMC case in favor of Galper and against SMC in the sum of $168,473.55. We affirmed the judgment on appeal. The SMC case was based on SMC's failure to pay Galper 9 percent of the funds raised by Galper from its sale of certain real estate syndication interests on behalf of SMC, and SMC's failure to repay the sum of $10,435 which Galper had previously lent to SMC.

On October 6, 1986, Galper, the real party in interest in this proceeding, initiated a joint-debtor proceeding in the SMC case naming Silverman as an

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

individual defendant for the first time. Silverman was not a party to the underlying contract in the SMC case and was at all relevant times a resident of Nevada. Galper's theory of liability against Silverman in the SMC joint debtor proceeding was apparently based on the alter ego doctrine, i.e., that Silverman was the alter ego of SMC.

On June 30, 1987, the trial court granted Silverman's motion to quash service of summons in the joint debtor proceeding in the SMC case.

On September 30, 1987, Galper's motion for reconsideration of the June 30 order was granted. Upon reconsideration the court reaffirmed its June 30 order on the ground that Galper had failed to sustain its burden of showing a constitutionally adequate basis for imposing personal jurisdiction on Silverman. Specifically, the court found no facts had been presented to support an inference that Silverman was the alter ego of SMC.

On or about November 23, 1987, Galper filed a notice of appeal from the September 30 order in the SMC case. That appeal is pending.

The present civil action was commenced by Galper against Silverman on October 10, 1986, under case No. WEC107360. The complaint was entitled "Complaint for Money Due on Judgment and Alter Ego" and sought to recover from Silverman the principal sum of $168,473.55 based on the judgment against SMC in the SMC case.

On June 12, 1987, the trial court denied Silverman's motion to quash service of summons in the present case on a technical ground. By order filed August 14, 1987, this court granted Silverman's petition for a writ of mandate directing the trial court to vacate its order of June 12, to permit Silverman to correct his defective declaration, and to hear the matter on the merits.

On December 31, 1987, the trial court held a hearing on the merits in the present case and denied Silverman's motion to quash service of summons. This proceeding in mandamus followed.

ISSUES

Silverman contends the trial court erred in denying his motion to quash service of summons for the alternative reasons: (1) Silverman, as a nonresident party litigant, was immune from service of process; (2) Galper failed to establish the requisite minimum contacts necessary to impose personal jurisdiction over Silverman; and (3) the trial court was without jurisdiction to deny the motion since such denial amounted impermissibly to interference

by one department of the court over the order of another, i.e., the order granting the motion to quash service of summons in the SMC proceeding.

DISCUSSION

I. *Abrogation of the Party Litigant Immunity Rule*

■ Silverman asserts he was immune from service of process since at the time he was served his presence in California was due only to a court directive that he be physically present at a mandatory settlement conference in a different action.

We find that there is no such immunity in this instance.

It was once the general rule that "parties and witnesses coming from outside the state to participate in the hearing of litigation in a court of the state are ordinarily exempt from the service of process in another action for a reasonable time in coming, attending court and leaving the jurisdiction . . . ." (*Franklin* v. *Superior Court* (1950) 98 Cal.App.2d 292, 294 [220 P.2d 8].)

With respect to nonresident witnesses, however, the immunity rule is no longer the law of California. (*Severn* v. *Adidas Sportschuhfabriken* (1973) 33 Cal.App.3d 754, 762 [109 Cal.Rptr. 328].) The *Severn* court reasoned that the rationale behind the rule, i.e., encouraging witnesses from another state to enter California in aid of California's judicial administration, became invalid with the enactment in 1969 of sections 410.10, 413.10, and 415.10, which enabled service of process to be effected on a nonresident " 'Within this state, . . . Outside this state but within the United States [and] Outside the United States, . . .' [¶] By virtue of these statutes, the reason for the immunity rule no longer exists in California, for nonresident witnesses and others may no longer remain in the state or country of their residence secure from the reach of this state's process." (*Severn* v. *Adidas Sportschuhfabriken, supra,* 33 Cal.App.3d 754, 762.)

We find that reasoning to be persuasive. Inasmuch as the immunity from service rule no longer applies to nonresident witnesses, we hold that the immunity rule is likewise no longer the law in California with respect to nonresident parties.

II. *Requisite Minimum Contacts*

Silverman claims there was insufficient evidence to establish he was the alter ego of SMC under the test enunciated in *Sheard* v. *Superior Court*

(1974) 40 Cal App.3d 207 [114 Cal.Rptr. 743], which was the sole theory upon which Galper asserted its minimum contacts basis for imposing personal jurisdiction over Silverman.

The *Sheard* court held: "[W]here a corporation is the *alter ego* of the stockholders so as to justify disregard of the corporate entity jurisdiction over the corporation will support jurisdiction over the stockholders. [Citation.]" (*Sheard* v. *Superior Court, supra,* 40 Cal.App.3d 207 at p. 210.) ▮ "There are two requirements to the application of the *alter ego* doctrine. These are (1) that there be such a unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow. [Citations.]" (*Id.* at pp. 211-212; italics in original.)

We find Silverman's reliance on the *Sheard* case to be misplaced. In *Sheard* the defendants, who were residents of Wisconsin, were served with process in Wisconsin. Here, it is undisputed that Silverman was served in California. Silverman's presence in California when service of process was effected meets the jurisdictional requirement. (§ 410.10; *Pennoyer* v. *Neff* (1877) 95 U.S. 714, 722 [24 L.Ed. 565, 568]; see also, *Quattrone* v. *Superior Court* (1975) 44 Cal.App.3d 296, 302-303 [118 Cal.Rptr. 548]; cf. *Arnesen* v. *Raymond Lee Organization, Inc.* (1973) 31 Cal.App.3d 991, 994-995, 998 [107 Cal.Rptr. 744].)

III. *The Trial Court's Order Was Not in Excess of Its Jurisdiction*

▮ Silverman concedes that the order granting his motion to quash summons in the SMC case is not res judicata in this action. He contends, however, the court here acted in excess of its jurisdiction in denying the subject motion to quash summons since such denial impermissibly interfered with the order granting his motion in the SMC case. Silverman argues that the joint-debtor proceedings in the SMC case, and the instant action, involve the same "primary rights," and thus, constitute the "same" cause of action. From this he concludes that the court in this action was therefore precluded from interfering with the order in the SMC case, which was first. As primary support, he relies on *Ford* v. *Superior Court* (1986) 188 Cal.App.3d 737 [233 Cal.Rptr. 607].

In *Ford* this court held: " " " 'A superior court is but one tribunal, even if it be composed of numerous departments . . . . An order made in one department during the progress of a cause can neither be ignored nor overlooked in another department. . . .' " (*People* v. *Grace,* 77 Cal.App. 752 . . . cited in *Lee* v. *Offenberg,* 275 Cal.App.2d 575, 583

. . . .) This is because the state Constitution, article VI, section 4 vests jurisdiction in the court, ". . . and not in any particular judge or department . . .; and . . . whether sitting separately or together, the judges hold but one and the same court. [Citation.] It follows, . . . where a proceeding has been . . . assigned for hearing and determination to one department of the superior court by the presiding judge . . . and the proceeding . . . has not been finally disposed of . . . it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned . . . . If such were not the law, conflicting adjudications of the same subject-matter by different departments of the one court would bring about an anomalous situation and doubtless lead to much confusion. [Citation.]" (*Williams* v. *Superior Court,* 14 Cal.2d 656, 662 . . . .)' (*In re Kowalski* (1971) 21 Cal.App.3d 67, 70 . . . ; *People* v. *Batchelor* (1976) 56 Cal.App.3d 278, 284 . . . .) [¶] One department of the superior court cannot enjoin, restrain, or otherwise interfere with the judicial act of another department of the superior court. Even between superior courts of different counties, having coequal jurisdiction over a matter, the first court of equal dignity to assume and exercise jurisdiction over a matter acquires exclusive jurisdiction. (*Morrisette* v. *Superior Court* (1965) 236 Cal.App.2d 597, 599-600 . . . ; *Browne* v. *Superior Court* (1940) 16 Cal.2d 593, 597 . . . .) [¶] A judgment rendered in one department of the superior court is binding on that matter upon all other departments until such time as the judgment is overturned. (*People* v. *Superior Court* (1967) 249 Cal.App.2d 727, 734 . . . .)" (*Ford* v. *Superior Court, supra,* 188 Cal.App.3d at pp. 741-742.)

We find Silverman's reliance on the *Ford* case to be misplaced. Silverman has failed to establish that the instant action and the joint debtor proceeding in the SMC case in fact are the same proceeding. We acknowledge both involve the same primary right, i.e., the right of a plaintiff to enforce a judgment, which has been obtained against a corporate defendant, against an individual, on an alter ego theory. However, an independent action to establish the liability of an individual, on an alter ego theory, for a judgment against a corporate defendant, is not necessarily interchangeable or coextensive with a joint-debtor proceeding against the individual on an alter ego theory in a different civil action. Silverman himself concedes there is some confusion concerning the propriety of the joint debtor proceeding as to himself in the SMC case.

■ Based on our review of the applicable law we observe that, as a general rule, a plaintiff is entitled to bring a separate action against an individual, on an alter ego theory, to establish the individual's liability for a judgment against a corporate defendant. (See, e.g., *Taylor* v. *Newton* (1953)

117 Cal.App.2d 752, 753-757 [257 P.2d 68].) On the other hand, a plaintiff's entitlement to establish such liability in a joint-debtor proceeding is tightly restricted. (See §§ 989-994.)

■ A joint-debtor proceeding under section 989 et seq. against a non-party shareholder, such as Silverman, on an alter ego or piercing the corporate veil theory is appropriate only where plaintiff has shown the shareholder was the alter ego of the corporate defendant and controlled the underlying litigation. (*Schoenberg* v. *Romike Properties* (1967) 251 Cal.App.2d 154, 168 [59 Cal Rptr. 359]; see also, *Marcus* v. *Superior Court* (1977) 75 Cal.App.3d 204, 211, at fn. 3 [141 Cal.Rptr. 890]; cf. *Thomson* v. *L.C. Roney & Co.* (1952) 112 Cal.App.2d 420, 422-423, 426-427 [246 P.2d 1017]; but see *Motores De Mexicali* v. *Superior Court* (1958) 51 Cal.2d 172, 174-176 [331 P.2d 1] regarding the procedure of an order to show cause why the judgment against a corporate defendant should not be amended to reflect the name of an individual as the true judgment debtor under an alter ego theory.)

■ Whether Galper may properly proceed against Silverman by way of a joint-debtor proceeding in the SMC case involves a factual determination by the trial court in that action and is not an appropriate issue for our resolution, to determine the propriety of the denial of Silverman's motion to quash service of summons in the present writ proceeding. Accordingly, we find the trial court in this proceeding was not barred from denying the subject motion to quash for lack of jurisdiction on the theory that it was a matter already ruled upon by the trial court in the SMC case.

## DECISION

The alternative writ is discharged and the petition for a peremptory writ is denied.

Klein, P. J., and Arabian, J., concurred.