Filed 10/19/13  Hall v. Superior Court CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| OTIS HALL,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | B250299<br><br>(Los Angeles County<br>Super. Ct. No. MA059412) |

Petition for writ of mandate from orders of the Superior Court of Los Angeles County, Steven D. Ogden and David Walgren, Judges.  Granted in part, denied in part.

Ronald L. Brown, Public Defender, Albert J. Menaster, John Henderson, and Karen E. Nash, Deputy Public Defenders for Petitioner.

No appearance for Respondent.

Jackie Lacey, District Attorney, Roberta T. Schwartz and Phyllis C. Asayama, Deputy District Attorneys for Real Parties in Interest.

_____

Having reviewed the petition for writ of mandate and the varying views of the two judicial officers who have handled aspects of the criminal proceeding against petitioner/defendant Otis Hall (Defendant) in connection with whether section 1210.1 of the Penal Code[1] should be applied to the current charges against Defendant, we conclude the most expeditious manner of resolving the conflict is to:

(1)  vacate the order entered on May 8, 2013, and all subsequent orders and proceedings, including any orders entered on May 13, 2013, June 20, 2013, and any other orders entered after Defendant's guilty plea made on April 29, 2013;

(2)  on our own motion, and "in the interests of justice" direct that further proceedings be heard before a trial judge other than either of the judges whose orders are the subject of this proceeding (Code Civ. Proc., § 170.1, subd. (c));[2] and

(3)  remand for transfer to a new judicial officer who shall, without consideration of the prior proceedings in this matter, exercise his or her independent judgment as to whether Defendant qualifies for the sentencing option provided in section 1210.1.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and possession of a smoking device (Health & Saf. Code, § 11364.1, subd. (a)(1).)

On April 29, 2013, Defendant entered a guilty plea to the charges and admitted the prior conviction.[3]

---

[1]  Statutory references are to the Penal Code except where otherwise stated.  Sections 1210 and 1210.1 (sometimes referenced as Proposition 36) were adopted by initiative on November 7, 2000 and became effective July 1, 2001.

[2]  In pertinent part subdivision (c) of Code of Civil Procedure section 170.1 provides:  ". . . on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court."

[3]  In 2006, Defendant was conviction of burglary (§ 459), served a prison term for that conviction and committed a felony during the five years subsequent to the conclusion of the prison term (§ 667.5).

2

Defendant previously has received the treatment made available by subdivision (a) of section 1210.1 which provides: "any person convicted of a nonviolent drug possession offense shall receive probation." However, subdivision (b)(5) of section 1210.1 provides the term "nonviolent drug possession offense" does not apply to the following: "Any defendant who has two separate convictions for nonviolent drug possession offenses, has participated in two separate courses of drug treatment pursuant to subdivision (a), and is found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment, as defined in subdivision (b) of Section 1210."[4]

On May 8, 2013, Defendant appeared for sentencing. The trial court expressed "serious concerns" as to whether Defendant is amenable or suitable for the sentencing option provided in section 1210.1. The prosecutor pointed out that Defendant has "a total of not less than nine drug offenses" and argued that Defendant is not a suitable candidate for application of section 1210.1. The court then commented, "[T]he court does not find the defendant amenable or suitable" for sentencing under section 1210.1 based on his record with multiple drug offenses and four prior probation grants under section 1210.1. Two of the grants were successfully completed and one was not completed.

However, at a subsequent hearing on May 13, 2013, a different judicial officer noted that Defendant had twice "successfully completed" sentencing pursuant to section 1210.1, and indicated "I'm not sure that completing two programs shows that he's unamenable."

The court and counsel then discussed the May 8, 2013 hearing at which the presiding judge expressed a view that Defendant is not unamenable for sentencing pursuant to section 1210.1. The court described the guilty plea entered on April 29,

---

[4]     Section 1210 provides the following definition: "(a) The term 'nonviolent drug possession offense' means the unlawful personal use, possession for personal use, or transportation for personal use of any controlled substance . . . . The term 'nonviolent drug possession offense' does not include the possession for sale, production, or manufacturing of any controlled substance."

2013, as conditional based on Hall's belief he would be sentenced under section 1210.1. The court set another hearing, informing Defendant he will have his choice of staying with the plea or withdrawing it and going to trial.

On June 20, 2013, Defendant again appeared for sentencing, at which time the trial judge described discussions he had conducted with other judges (none of which are relevant here) and indicated, rather than exercising his own discretion in sentencing commented, "my colleagues don't agree with my interpretation of the law and . . . [s]o I'm prepared to send [Defendant] to state prison [or he may withdraw his plea]."

The matter was continued to permit the filing of this petition.

On August 7, 2013, we issued a notice that we were considering issuance of a peremptory writ of mandate (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233), based on the established procedural rule that an order made in one department during the progress of a cause cannot be changed by another department. " 'One department of the superior court cannot enjoin, restrain, or otherwise interfere with the judicial act of another department of the superior court.' " (*Silverman v. Superior Court* (1988) 203 Cal.App.3d 145, 151.) Thus, a judgment rendered in one department of the superior court is binding on that matter upon all other departments. (*Ibid.*) " 'If such were not the law, conflicting adjudications of the same subject-matter by different departments of the one court would bring about an anomalous situation and doubtless lead to much confusion.' [Citation.]" (*People v. Madrigal* (1995) 37 Cal.App.4th 791, 795-796.) The proceedings conducted after the case was assigned for sentencing brought about exactly that anomalous situation.

### DISCUSSION

Subdivision (c) of section 1210 provides: "The term 'successful completion of treatment' means that a defendant who has had drug treatment imposed as a condition of probation has completed the prescribed course of drug treatment as recommended by the treatment provider and ordered by the court and, as a result, there is reasonable cause to believe that the defendant will not abuse controlled substances in the future."

4

Defendant has "successfully" completed two court ordered treatment programs and each time has returned to the use of drugs. However, case law refers to *three* chances at probation: ". . . a defendant loses the protection of section 1210.1, subdivision (a), only after violating a drug-related condition of probation three times." (*People v. Guzman* (2003) 109 Cal.App.4th 341, 348.)

The statement in *Guzman* is not universally accepted as specifying an absolute right to three chances at rehabilitation pursuant to section 1210.1. Section 1210.1 "ordinarily allows eligible drug users three chances at probation before a trial court may send a defendant to prison, although the relevant statutes do not guarantee this result." (*People v. Hazle* (2007) 157 Cal.App.4th 567, 570.) The *Hazle* court commented that relapses are common among drug users. "That is why the statute is structured to give the ordinary drug probationer three strikes, albeit with the possibility that the trial court will increase the intensity of the probation requirements with each relapse." (*Id*. at p. 576.) *Hazle* described section 1210.1 as giving a defendant three chances at rehabilitation, with increasing penalties for conviction, so as to provide a strong incentive to stop the drug usage. (*Ibid.*)

Defendant has about nine drug related offenses, two prior convictions for nonviolent drug possession offenses and has participated in two separate courses of drug treatment. On its face, the statute applies to a defendant who has two prior convictions for nonviolent drug possession offenses and has participated in two separate courses of drug treatment unless he is "*found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment*." (§ 1210.1, subd. (b)(5), italics added.)

The trial court clearly has discretion to determine whether there is clear and convincing evidence, as to whether a defendant, such as Hall, is amenable to a third try at the rehabilitation treatment provided in section 1210.1.

Having reviewed the responses received from the parties following issuance of our interim order, it is clear that the entire matter relating to whether Defendant is eligible for treatment as provided in section 1210.1 should be considered by a new judicial officer

5

without reference to any of the prior proceedings in the case.  (Code Civ. Proc., § 170.1, subd. (c).)

## *DISPOSITION*

The petition for writ of mandate is granted in part.

Let a peremptory writ of mandate issue directing the trial court (1) to vacate all orders entered subsequent to the May 8, 2013 order; and (2) transfer the case to a new judicial officer with directions to exercise his or her own independent discretion as to whether Defendant is eligible to once again be sentenced in accord with the provisions of section 1210.1.

In all other respects the petition is denied.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CROSKEY, Acting P. J.

We concur:

KITCHING, J.

ALDRICH, J.

6