[Crim. No. 8960. Second Dist., Div. Four. Sept. 18, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ANDREW JACKSON McLERRAN, Defendant and Appellant.

Daniel J. Jaffe, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with the crime of assault by means of force likely to produce great bodily injury. (Pen. Code, § 245.) Trial by jury was duly waived and, after a trial, at which defendant was represented by the public defender of Los Angeles County, he was found guilty by the court. Probation was denied and defendant was sentenced to prison for the term prescribed by law, the court

recommending that he be given "such psychiatric care or treatment as may be needed." Defendant appealed.

At defendant's request, we appointed counsel to act in his behalf. As required by the order of appointment, the court-appointed counsel has filed with us a full statement of the facts of the case, the issues potentially involved on appeal, and his conclusion that the appeal is without merit.

After this statement was filed, defendant wrote to us, contending that witnesses whom he desired were not called, although they were known and available for subpoena, and that, since the deputy public defender appointed to represent him at the trial had been changed, and another deputy substituted to try the case who was not familiar with the case, he was, in effect, denied adequate representation by counsel.

The Attorney General thereupon moved to dismiss the appeal as frivolous. We denied the motion, indicating that, under the circumstances here present, we preferred to consider the appeal on its merits and submitted it on the transcript of the proceedings, the file and the documents filed by counsel and defendant.

Neither of the points raised by defendant in his letter has merit. As is common practice, one deputy appeared for defendant at arraignment and another at the trial. However, the trial deputy presented the case with ability and the record fails to support the claim that he was not familiar with defendant's theory of defense—a theory which, in fact, was ably — although unsuccessfully — presented. The decision to call, or not to call, a particular witness is a matter of trial tactics and, absent some showing that the decision was the result of gross misconduct, is not a matter for consideration on appeal.

The only other ground suggested by defendant, or discovered by counsel, is defendant's claim that the witnesses against him had perjured themselves. But the credibility of witnesses is for the trial court and not for us. The trial court, as was its province, believed the complaining witness, his son, and a bystander and disbelieved the defendant.

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.