[Crim. No. 1782.   Fourth Dist.    Oct. 29, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROSARIO ROBLES VALVERDE, Defendant and Appellant.

Carl R. Yoder, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant was charged with and convicted of second degree burglary, in violation of Penal Code, section 459. It was alleged and he admitted incurring two prior felony convictions. After filing his appeal, defendant requested this court to appoint counsel to represent him. The appointed counsel, Carl R. Yoder, reviewed the record in the case and advised the court that his review and research disclosed that no meritorious question or error was presented by the record. Our examination of the case indicates that counsel's conclusion is correct.

The evidence indicated that on the night of July 5, 1962, the Savers Drug Store in Coachella, California, was burglarized and several watches, cameras, and cartons of cigarettes were taken. On June 23, 1962, the defendant, in a conversation with Chief Ball of the Coachella Police Department, confessed that he had committed the burglary. Defendant said that he and three other men entered the store and took the merchandise. Defendant acted as a lookout while this was being done. The burglars took the stolen goods to a labor camp where it was concealed in a building. The truck used in the burglary had been stolen and was abandoned on the highway. Thereafter some of the stolen goods were sold and the money used to purchase heroin. Defendant told the officer that he had received seven dollars in cash, plus five bindles of heroin from the proceeds of the burglary. Chief Ball testified that the defendant had not been promised any favors or put in fear of harm before he made the confession.

Defendant testified on his own behalf that he did not have anything to do with the burglary. He admitted making the statement to the police officers, but said that he did so because the officers said that they would talk to his parole officer and that the court would sentence him to the county jail. He admitted signing a statement but claimed he did not read it. In rebuttal, Chief Ball testified that the defendant read the entire statement before he signed it.

In a document filed with this court, defendant has made several contentions. For example, he complains that he was tried by one judge and sentenced by another. This same procedure was discussed in the case of *People* v. *Downer*, 57 Cal.2d 800, 816 [22 Cal.Rptr. 347, 372 P.2d 107], where the court said:

"It is settled that it is not error for a judge other than the one who tried a criminal case to pronounce judgment and sentence."

██ Defendant also urges that the trial court erred in receiving his confession into evidence. As has been previously stated, Chief Ball testified that the confession was free and voluntary. It is true that the defendant testified to a different version of the facts, but this merely created a conflict in the evidence which the trial court resolved against the defendant. Such conflicting evidence as the voluntariness of a confession will not be reweighed by the reviewing court. (*People* v. *Kendrick,* 56 Cal.2d 71, 85 [14 Cal.Rptr. 13, 363 P.2d 13], and *People* v. *Baldwin,* 42 Cal.2d 858, 867 [270 P.2d 1028].)

██ The contention that there was error in that the copy of the information was given to counsel and not to the defendant is without merit. The case of *People* v. *Suesser,* 142 Cal. 354 [75 P. 1093], holds that any illegality in the arraignment in delivering a copy of the information to defendant's counsel instead of to the defendant himself is waived by failure to object thereto in the trial court. In this case, no objection was made and any possible error was thereby waived. ██ Defendant's contention that the court erred in permitting him to proceed in propria persona is not sustained by the record, which discloses that he was represented by counsel at all stages of the proceedings. ██ Defendant also claims that different members of the public defender's office represented him at different stages of the proceeding. This again is not error, since the record shows that defendant was competently and energetically represented by his counsel. No error can be predicated on the fact that different members of the public defender's office appeared at different proceedings. (*People* v. *McLerran,* 220 Cal.App.2d 391 [33 Cal.Rptr. 731].)

██ Defendant also urges that record does not show that he personally waived a jury trial. It is true that the clerk's transcript contains a notation that the defendant, "through counsel," moved to waive jury trial and requested a court trial. However, an examination of the reporter's transcript shows that the defendant personally and orally waived a jury trial. Therefore, all of the requirements of article I, section 7, of the California Constitution have been complied with. (See *People* v. *Holmes,* 54 Cal.2d 442, 443, 444 [5 Cal. Rptr. 871, 353 P.2d 583].)

The evidence supports the finding of the trial court that

the defendant was guilty of burglarizing the Savers Drug Store in Coachella in Riverside County. The record demonstrates that defendant received a fair trial, that counsel representing him conducted an energetic defense and that no error was committed by the trial court.

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.