[Crim. No. 27431. Second Dist., Div. Two. Mar. 16, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE DAVID BATCHELOR, Defendant and Appellant.

## COUNSEL

Newton, Re & Russell and Donald M. Re for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Mark Alan Hart, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COMPTON, J.**—Defendant appeals from a judgment sentencing him to state prison, which judgment was pronounced after a previous order granting him probation was revoked.

In 1972, defendant was convicted of the crime of sale of marijuana (former Health & Saf. Code, § 11531). Proceedings were suspended and defendant was placed on probation for a period of five years on various terms and conditions. The probationary order was made by the Honorable Harry Peetris who was at the time assigned to Department Northwest "T," a criminal trial department of the Los Angeles Superior Court sitting in the northwest division in Van Nuys. This case has the number A117373.

Subsequently, on September 24, 1973, after the Los Angeles County Probation Department filed a report with Judge Peetris stating that defendant had deserted his probation, probation was revoked and a bench warrant was issued for the apprehension of the defendant. The warrant was returnable before Judge Peetris in Department Northwest "T."

It appears that during the probationary period defendant committed two additional felony offenses—one a federal crime and the other a violation of California Penal Code section 470. Proceedings were instituted on those offenses by both the federal and state authorities. While still in federal custody defendant was charged with the new state offense (case No. A069422) and that matter was assigned to Los Angeles Superior Court Department West "D" in which the Honorable Laurence Rittenband presided.

A return on the bench warrant in case No. A117373 was filed in Department Northwest "T" on December 4, 1974, and a hearing on the violation of probation was calendared in that department for December 18, 1974. On December 4, 1974, defendant was apparently still in federal custody and he was not personally returned to the superior court on that date. After several continuances at defendant's request the matter was finally heard by Judge Peetris on April 24, 1975, at which time defendant was found to be in violation of his probation. The probation was revoked and a state prison sentence was imposed. That sentence was ordered to be served consecutively with any other sentences then being served.

The rules of the Los Angeles Superior Court as then written provided in section 6 (d) as follows:

"Modification, Termination or Revocation of Probation.

"1. Trial Judge to Hear if Available. The judge who granted probation to a defendant in a criminal case shall hear and determine any oral or written application or request, or motion for modification, change, termination, revocation or restriction of such probation, and motion for recall of warrant for violation of probation. (6-3-74)

"2. Trial Judge Unavailable. Whenever such judge is not sitting in the Criminal Division or is otherwise unavailable to hear or consider such application or request or motion, it shall be heard and determined by the Supervising Judge of the Criminal Division or by any other judge whom he shall designate. (3-1-72)"[1]

Thus on the face of the record as thus far outlined there was nothing which would provide defendant with any grounds for complaint. The

[1]The rule now reads: "d. Modification, Termination or Revocation of Probation.

"1. Trial Judge to Hear if Available. The judge who granted probation to a defendant in a criminal case shall, if available, hear and determine any oral or written application, request or motion for modification, change, termination, revocation or restriction of such probation, or any motion for recall of warrant for violation of probation. If, however, such application, request or motion is based upon a subsequent criminal charge being tried in this Court, the judge to whom such subsequent criminal charge is assigned shall hear and determine such application, request or motion unless the judge previously granting probation to the defendant shall have caused to be placed in the file a written request that subsequent matters relating to such probation be heard by him.

"2. Trial Judge Unavailable. Whenever the judge who would otherwise hear an application, request or motion under the foregoing subsection 1 is not sitting in the Criminal Division or is otherwise unavailable, such application, request or motion shall be heard and determined by the Supervising Judge of the Criminal Division or a judge whom he shall designate. (1-20-75)"

issue on this appeal resolves itself to the question of whether, because of certain events which transpired in the period between the initial order of revocation on September 24, 1973, and the final pronouncement of judgment on April 24, 1974, Judge Peetris lost jurisdiction to pronounce the judgment which he pronounced.

These intervening events are as follows: On August 7, 1974, which date was after the initial order of revocation but prior to the return of the bench warrant to Judge Peetris and at a time when Judge Peetris was on regular vacation, the district attorney appeared ex parte before the Honorable William Rosenthal who was sitting in Department Northwest "R," and requested that the matter of the violation of probation in case No. A117373 be transferred to the court of Judge Rittenband, which was Department West "D" where the new case No. A069422 was then pending.

Department Northwest "R" was at that time designated as a master calendar criminal department for the northwest district.[2]

Judge Rosenthal, after being advised by the district attorney that this was with Judge Peetris' concurrence, ordered the transfer. The matter was set for hearing on Judge Rittenband's calendar for October 3, 1974, and later continued to February 20, 1975.

On December 18, 1974, Judge Peetris, who was again sitting in his regular Department Northwest "T," ordered the above mentioned transfer and hearing date vacated. This order was apparently never communicated to Judge Rittenband.[3]

Consequently, on February 20, 1975, defendant appeared before Judge Rittenband in case No. A069422 and received sentence in that case. At the same time Judge Rittenband found defendant to be in violation of probation in the instant case (A117373) revoked probation

[2] Rules 4 and 5 of the Los Angeles County Superior Court provide that the presiding judge may designate for a district a department to act as a criminal master calendar. Rule 248 of California Rules of Court provides that the judge of a criminal master calendar department may, where necessity or convenience requires, transfer matters from one department to another.

[3] The conduct of defendant's counsel (not present counsel on appeal) is certainly subject to censure. He was present in court when Judge Peetris made this order and was well aware of Judge Peetris' desire to have the matter heard in his court. Defendant's counsel subsequently made several appearances in the matter in Judge Rittenband's court without ever advising Judge Rittenband of Judge Peetris' orders or desires.

and sentenced defendant to serve a concurrent one year in the county jail. That pronouncement is found in a copy of the reporter's transcript contained within the file. No minute order memorializing the action appears in the record.

On April 16, 1975, the matter was again called in Judge Peetris' court and after learning of the February 20, 1975, proceedings in Judge Rittenband's court, Judge Peetris transferred the matter to Judge Rittenband "for the limited purpose of clarifying the state of the record ...." Judge Rittenband on April 17, 1975, responded to this transfer order with an order of his own amending the reporter's transcript *nunc pro tunc* to delete all reference to case No. A117373 and reciting that Department West "D" had no jurisdiction to impose sentence in the case on February 20, 1975. The matter was retransferred to Judge Peetris' court where the previously referred to judgment was pronounced.

 From this convoluted series of procedural steps we conclude that Judge Rittenband's judgment of February 20, 1975, was a valid judgment and once pronounced deprived both Judge Rittenband and Judge Peetris of jurisdiction to make their subsequent orders by which they attempted to return the matter to Judge Peetris' jurisdiction. From this it follows that the judgment which Judge Peetris purported to render on April 24, 1975, and which is the judgment appealed from, was void for lack of jurisdiction and must be vacated.

The starting point for our analysis of the situation is the order of August 7, 1974, by which Judge Rosenthal transferred this case to Department West "D." There is nothing in the record to suggest that Judge Rosenthal lacked the authority or jurisdiction to make that order. As a master calendar judge he was, by virtue of the rules of court and the rules of the Los Angeles Superior Court, acting in the name of the presiding judge of that court. Although one of those rules at the time directed that probation violations generally be handled by the judge who originally granted probation, that rule did not preempt the jurisdiction of another judge of the same court to hear the matter and did not vitiate the administrative authority to transfer matters for convenience and necessity under rule 248 of the California Rules of Court. Neither case law nor statutory law require that the matter of violation of probation or sentencing be handled by the judge who originally tried the case or granted probation. (*People* v. *Valverde,* 221 Cal.App.2d 616 [34 Cal.Rptr. 577]; Pen. Code, §§ 1203.9, 1203.2.)

■ Once the matter was assigned to Judge Rittenband he was then exercising the jurisdiction of the Superior Court of Los Angeles County and it was beyond the jurisdiction of Judge Peetris to unilaterally order the case transferred. (*Regents* v. *Superior Court,* 185 Cal.App.2d 806 [8 Cal.Rptr. 629].)

■ "[W]here a proceeding has been duly assigned for hearing and determination to one department of the superior court . . . in conformity with the rules thereof, and the proceeding so assigned has not been finally disposed of therein or legally removed therefrom, it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned. . . ." (*Williams* v. *Superior Court,* 14 Cal.2d 656, at p. 662 [96 P.2d 334].)

■ Since Judge Rittenband had jurisdiction over the case and·the order of Judge Peetris of December 18, 1974, purporting to retransfer the matter was without jurisdictional authority, thus as of February 20, 1975, Judge Rittenband had full authority to impose judgment in this case. Judge Rittenband's oral pronouncement of sentence was the judicial act of pronouncing judgment and was effective notwithstanding the fact that it was not made the subject of a minute entry. (*People* v. *Blackman,* 223 Cal.App.2d 303 [35 Cal.Rptr. 761].)

We need not here consider the question of whether Judge Rittenband had authority himself to retransfer the case *prior* to his pronouncement of judgment. It seems clear that he would have been willing to do so and there existed appropriate machinery to accomplish such transfer had the matter been brought to his attention. What is also clear, however, is that once having pronounced sentence and the defendant having commenced to serve the sentence, the superior court was without jurisdiction to vacate the sentence or modify it. (*People* v. *McAllister,* 15 Cal.2d 519 [102 P.2d 1072]; *People* v. *Thomas,* 52 Cal.2d 521 [342 P.2d 889].) That rule applies here even though defendant was returned to federal custody rather than state custody. (*People* v. *Heinold,* 16 Cal.App.3d 958 [94 Cal.Rptr. 538].)

Judge Rittenband's order of April 17, 1975, purporting to vacate the sentence and retransfer the case was beyond the court's jurisdiction and void. It follows that Judge Peetris' judgment of April 24, 1975, was also in excess of the court's jurisdiction and void, and that judgment is vacated.

The superior court is directed to enter a written order reflecting the judgment as pronounced in Department West "D" on February 20, 1975.

Roth, P. J., and Beach, J., concurred.