[Civ. No. 62594. Second Dist., Div. Three. Oct. 28, 1982.]

CARLOS AYALA, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE VENTURA COUNTY JUDICIAL
DISTRICT OF VENTURA COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

COUNSEL

Richard E. Erwin, Public Defender, David P. Ammons, Assistant Public Defender, and James M. McQueeney, Deputy Public Defender, for Plaintiff and Appellant.

Dorothy L. Schechter, County Counsel, and R. Thomas Harris, Assistant County Counsel, for Defendant and Respondent.

Michael D. Bradbury, District Attorney, for Real Party in Interest and Respondent.

OPINION

DANIELSON, J.—This appeal is from a judgment of the superior court denying Carlos Ayala's petition for writ of prohibition.

The petition sought to prohibit the Ventura County Municipal Court, and particularly Judge Frederick Jones, from taking further action on Ayala's case.

The petition alleged as follows:

On April 4, 1980, Ayala appeared in Judge Jones' courtroom and pleaded nolo contendere to a charge of violating Vehicle Code section 10852 (vehicle tampering). Imposition of sentence was suspended, and Ayala was placed on summary probation.

Pursuant to a Ventura County Municipal Court rule, Judge Jones had instructed the clerk to stamp on the docket sheet that pursuant to a local court rule, he should hear any motions in the future regarding Ayala's probation.

On January 8, 1981, Ayala appeared before Judge Hadden, in another division of the Ventura County Municipal Court, for arraignment on a charge of violating former Vehicle Code section 23123.5, subdivision (a).

At the arraignment, Ayala was served with a notice of probation violation regarding the previous charge. Judge Hadden ordered the case transferred to Judge Jones' court when he saw Judge Jones' earlier request indorsed on the docket order.

Before Judge Jones, Ayala requested permission to file an affidavit of prejudice (Code Civ. Proc. § 170.6). Judge Jones denied that request, revoked probation, and set the probation violation matter for a hearing before himself.

In the petition, Ayala further alleged that he had been denied due process and equal protection of law because the matter was assigned to Judge Jones, who was not then sitting in a trial department, and because Judge Jones had refused to allow filing of the affidavit of prejudice. However, Ayala later withdrew his contention regarding the affidavit of prejudice and we do not address that refusal in this opinion.

Ventura County Municipal Court rule 4, provided as follows: "All cases wherein orders of probation are made by a judge sitting in a non-trial division shall remain in that division . . . unless the judge making the original order of probation requests any motions be made to him regardless of the division to which he is assigned when such application or request is made."

The indorsement made on the docket by rubber stamp read as follows:

"NOTICE TO CLERK
"Per Rule 4, only Judge Jones shall hear any motions concerning this probation."

## Discussion

### 1. *The Appeal*

We note that respondent has urged two grounds for dismissal of this appeal: (1) that Ayala is a fugitive from justice; and (2) that final judgment was not entered denying the writ.

We are asked to judicially notice the municipal court file reflecting that a bench warrant was issued for Ayala's arrest while this appeal was pending. However, we have determined that appellant's contention on appeal is without merit and, accordingly, we do not reach a determination of whether the appeal should be dismissed because appellant is a fugitive.

Pursuant to this court's request, appellant has had a final judgment entered denying the writ petition. We deem the notice of appeal to be a premature, but valid, notice of appeal from that judgment.

### 2. *Assignment of the Hearing*

There is no merit to appellant's contention that the procedure followed in assigning the probation hearing to Judge Jones was improper. Rule 4 merely authorizes the judge originally making an order of probation to request that later motions be made before him, even though he has been assigned to a new division.

The indorsement on the docket when probation was imposed merely had the effect of such a request, and will not be interpreted as more than a request simply because the word "shall" was used. Moreover, any attempt by Judge Jones to "order" the court to assign the case to him could only have been regarded by the court as a request.

By allegation of the verified petition, the order transferring the case to Judge Jones was, in fact, made by Judge Hadden.

Such a procedure was expressly approved, and expressly distinguished from a disapproved procedure, in *People* v. *Osslo* (1958) 50 Cal.2d 75, 104 [323 P.2d 397]. In that case, the trial judge ordered as a condition of probation that he should retain jurisdiction of the matter through the period of probation and that no other judge should modify the order. Our Supreme Court held that provision to be invalid, but set forth the following: "Rules of court which provide that post-trial proceedings in a cause shall be heard by the judge who tried the matter are *entirely proper,* but the individual judge cannot *order* that such proceedings must be heard by him." (P. 104; italics added.)

Although cases have held that the judge who originally made a probation order is not required to hear any subsequent motions (see *People* v. *Batchelor* (1976) 56 Cal.App.3d 278, 283 [128 Cal.Rptr. 349]), appellant has provided no authority for the proposition that subsequent motions cannot be transferred to the judge who made the original order pursuant to local court rule, at that judge's request and in the sound discretion of the judge before whom the motion is brought.

We note that there is no evidence in this case that the matter was sent by the clerk to Judge Jones pursuant to the rubber stamp. Rather, the case was transferred by Judge Hadden, in the proper exercise of his judicial discretion either to retain the case himself or to transfer it to Judge Jones. We do not purport to rule, in this opinion, upon a case in which assignment of a probation matter has been made automatically by the clerk upon an order of the original judge. Such a case is not before us.

Appellant contends for the first time on appeal that pursuant to Government Code section 72274,[1] the order transferring the case to Judge Jones could only have been made by the presiding judge.

However, under rule 533(a)(1), municipal court criminal matters are assigned upon filing to a department, and bypass the presiding judge. In that manner, the case properly reached Judge Hadden, who acted within the scope of his discretion and pursuant to a local rule of court in transferring the case to Judge Jones' courtroom.

## DISPOSITION

The judgment is affirmed.

Klein, P. J., and Lui, J., concurred.

---

[1] "Subject to the regulations of the Judicial Council, the presiding judge shall apportion the business of the court among the several departments and transfer cases from one department to another if necessary or convenient to facilitate the dispatch of the business of the court."