[No. B085069. Second Dist., Div. Five. July 27, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL RANJEL MADRIGAL, Defendant and Appellant.

COUNSEL

Jonathan G. Ash, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sharon Wooden Richard and Zaven V. Sinanian, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GRIGNON, J.—Defendant and appellant Manuel Ranjel Madrigal appeals from a judgment following revocation of his probation. We conclude the

trial judge acted in excess of his jurisdiction when he revoked defendant's probation, after defendant's probation violation matter had been duly assigned to another judge in accordance with local court rules. We reverse.

## FACTS AND PROCEDURAL BACKGROUND[1]

On August 3, 1993, defendant was charged by information in the instant case, No. TA025194, with receiving stolen property in violation of Penal Code section 496.[2] On August 20, 1993, defendant pleaded no contest in the South Central District of the Los Angeles Superior Court (Compton) before Judge John J. Cheroske. Judge Cheroske suspended imposition of sentence and placed defendant on three years' probation on condition defendant spend two hundred seventy days in jail (Compton case).

On December 9, 1993, defendant was charged by information in case No. VA026207 (People v. Madrigal (Super. Ct. L.A. County, 1993)) with attempted second degree burglary in violation of sections 664 and 459. On December 23, 1993, defendant pleaded guilty in the Southeast District of the Los Angeles Superior Court (Norwalk) before Judge Michael A. Cowell pursuant to a plea agreement in which defendant would be placed on probation for three years on condition defendant spend one year in jail (Norwalk case). It was also agreed that defendant's probation in the Compton case would be revoked and reinstated with no additional time. Defendant was advised he would be on probation in both cases.

On January 7, 1994, defendant appeared in Norwalk before Judge John A. Torribio for sentencing.[3] Judge Torribio was advised that the plea agreement included reinstatement of probation in the Compton case with no additional time. In the Norwalk case, Judge Torribio suspended imposition of sentence and placed defendant on three years' probation on condition defendant spend one year in jail. The file for the Compton probation violation was not before Judge Torribio. Judge Torribio told defendant: "What I'll do, Mr. Madrigal, what I intend to do on your violation of probation is to reinstate your probation on the same terms and conditions. [¶] Do you waive being present here in court when I find you in violation and reinstate your probation?" After defendant and defense counsel replied in the affirmative, Judge Torribio said: "Okay. That's what I will do then and that will save him having to be brought back."

On February 28, 1994, the prosecution filed with Judge Cheroske a motion to revoke the Compton probation based on the conviction in the

---

[1]We have taken judicial notice of the superior court files in Los Angeles Superior Court case Nos. TA025194 and VA026207.

[2]All further statutory references are to the Penal Code.

[3]Apparently, Judge Cowell had been assigned to a different district.

Norwalk case. On March 1, 1994, Judge Cheroske summarily revoked probation. Defendant appeared before Judge Cheroske on the Compton probation violation on May 18, 1994. Judge Cheroske was advised of the proceedings which had occurred in Norwalk and provided with transcripts and documents related to those proceedings. Defendant sought to have the plea agreement enforced. In addition, defendant maintained the probation violation had already been handled in Norwalk and Judge Cheroske was estopped from proceeding further. Judge Cheroske found defendant in violation of the Compton probation on the basis of his conviction in the Norwalk case and sentenced him to state prison for four years concurrent with his sentence in the Norwalk case.

Defendant appeals.

## DISCUSSION

■ "An individual judge (as distinguished from a court) is not empowered to retain jurisdiction of a cause. The cause is before the court, not the individual judge of that court, and the jurisdiction which the judge exercises is the jurisdiction of the court, not of the judge. Rules of court which provide that post-trial proceedings in a cause shall be heard by the judge who tried the matter are entirely proper, but the individual judge cannot order that such proceedings must be heard by him." (*People* v. *Osslo* (1958) 50 Cal.2d 75, 104 [323 P.2d 397]; *Ayala* v. *Municipal Court* (1982) 137 Cal.App.3d 484, 487 [187 Cal.Rptr. 75].) The judge who originally makes a probation order is not required to hear any subsequent motions. (*People* v. *Beaudrie* (1983) 147 Cal.App.3d 686, 693-694 [195 Cal.Rptr. 289]; *Ayala* v. *Municipal Court*, *supra*, 137 Cal.App.3d at p. 488; *People* v. *Batchelor* (1976) 56 Cal.App.3d 278, 283 [128 Cal.Rptr. 349].)

■ "[T]he jurisdiction of a multijudge, multidepartment superior court is vested in the court as a whole and if one department exercises authority in a matter which might properly be heard in another such action, although 'irregula[r],' it does not amount to a defect of jurisdiction." (*Shane* v. *Superior Court* (1984) 160 Cal.App.3d 1237, 1249 [207 Cal.Rptr. 210].) However, ". . . where a proceeding has been duly assigned for hearing and determination to one department of the superior court by the presiding judge of said court in conformity with the rules thereof, and the proceeding so assigned has not been finally disposed of therein or legally removed therefrom, it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned. [Citation.] In other words, while one department is exercising the jurisdiction vested by the Constitution in

the superior court of that county, the other departments thereof are as distinct therefrom as other superior courts. [Citation.] If such were not the law, conflicting adjudications of the same subject-matter by different departments of the one court would bring about an anomalous situation and doubtless lead to much confusion." (*Williams* v. *Superior Court* (1939) 14 Cal.2d 656, 662-663 [96 P.2d 334].) The superior court department rule is equally applicable to different superior court districts. (*Shane* v. *Superior Court*, *supra*, 160 Cal.App.3d at pp. 1249-1250.)

■ " ' " ' "A superior court is but one tribunal, even if it be composed of numerous departments . . . . An order made in one department during the progress of a cause can neither be ignored nor overlooked in another department. . . ." ' [Citations.] This is because the state Constitution, article IV, section 4 vests jurisdiction in the court, '. . . and not in any particular judge or department . . . ; and . . . whether sitting separately or together, the judges hold but one and the same court.' " ' " (*Silverman* v. *Superior Court* (1988) 203 Cal.App.3d 145, 150-151 [249 Cal.Rptr. 724].) " 'One department of the superior court cannot enjoin, restrain, or otherwise interfere with the judicial act of another department of the superior court.' " (*Id.* at p. 151.) The first department " 'to assume and exercise jurisdiction over a matter acquires exclusive jurisdiction.' " (*Ibid.*) " 'A judgment rendered in one department of the superior court is binding on that matter upon all other departments until such time as the judgment is overturned.' " (*Ibid.*)

■ In this case, the Compton probation violation was properly assigned to the Norwalk judge to whom the new criminal case had been assigned. This assignment was in accordance with Los Angeles Superior Court Rules, rule 2.5, which provides that a probation violation matter is to be heard by the same judge to whom the new criminal matter has been assigned, unless the file contains a written request from the judge who granted probation that the probation violation matter be heard by him or her.[4] The Compton case file does not contain any such written request. Accordingly, Judge Torribio was vested with jurisdiction to hear the Compton probation violation on January 7, 1994.

---

[4]Los Angeles Superior Court Rules, rule 2.5, subdivision (c)(3) sets forth the judicial assignment procedure for revocation of probation matters: "The judge who granted probation to a defendant in a criminal case shall, if available, hear and determine any oral or written application, request or motion for modification, change, termination, revocation or restriction of such probation, or any motion for recall of warrant for violation of probation. If, however, such application, request or motion is based upon a subsequent criminal charge being tried in this court, the judge to whom such subsequent criminal charge is assigned shall hear and determine such application, request or motion unless the judge previously granting probation to the defendant shall have caused to be placed in the file a written request that subsequent matters relating to such probation be heard by him/her."

On January 7, 1994, Judge Torribio could not find the Compton case file in front of him, although it had been ordered. Judge Torribio expected the file would appear later that day and obtained defendant's permission to revoke his probation and reinstate it with no additional jail time and under the same terms and conditions, in defendant's absence. While the Compton case file does not reflect that Judge Torribio actually revoked and reinstated defendant's probation as per the agreement, Judge Torribio nevertheless retained jurisdiction to do so. The Compton probation violation was properly assigned to the Norwalk court, the Norwalk court had exercised jurisdiction over the matter and the Norwalk court continued to have jurisdiction over the probation violation until the matter was concluded.

Judge Cheroske could not order that the probation violation be heard by him; he could only request it, which he did not do. Judge Cheroske purported to assume jurisdiction over the Compton probation violation in clear contravention of orders and agreements made by another district of the superior court. We conclude Judge Cheroske acted in excess of his jurisdiction when he revoked defendant's probation in this case and sentenced defendant to state prison. The action is void and that judgment is vacated.

### DISPOSITION

The judgment is reversed. The order of May 18, 1994, revoking defendant's probation and sentencing him to state prison is vacated and the superior court is directed to enter a new and different order revoking defendant's probation and reinstating it under the same terms and condition.

Turner, P. J., and Armstrong, J., concurred.