Filed 8/17/20

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN


| | |
|---|---|
| THE PEOPLE, | B295923 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. OSJ2037) |
| v. | |
| THE NORTH RIVER INSURANCE CO., et al., | |
| Defendants and Appellants. | |


APPEAL from an order of the Superior Court of Los Angeles County, Suzette Clover, Kerry Bensinger, Dorothy Kim and Maame Frimpong, Judges.  Affirmed.

Jefferson T. Stamp for Defendants and Appellants The North River Insurance Company and Bad Boys Bail Bonds.

Mary C. Wickham, County Counsel, Adrian G. Gragas, Assistant County Counsel and Michael J. Gordon, Deputy County Counsel, for Plaintiff and Respondent.

————————————

Penal Code section 1306, subdivision (a),[1] requires "the court which has declared the forfeiture" of the bail bond to enter summary judgment against the bondsman if the defendant has failed to appear within the statutory appearance period. The North River Insurance Company and its bail agent Bad Boys Bail Bonds (collectively the North River parties) moved in superior court to set aside the summary judgment against them as void because it was entered by a different superior court judge from the one who had declared the forfeiture. The court denied the motion. We affirm.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2016 the North River parties posted a $20,000 bail bond for the release of Raheim Watts. On May 26, 2016 Watts failed to appear at his scheduled arraignment, and the court (Judge Suzette Clover) ordered bail forfeited.

On June 3, 2016 the clerk of the court mailed the North River parties the notice of forfeiture, advising them their contractual obligation to pay the bond would become absolute on the 186th day following the date of the mailing of the notice unless forfeiture was set aside and the bond reinstated.

On December 30, 2016 the court (Judge Dorothy Kim) granted the North River parties' request for an extension of the appearance period to June 28, 2017.

---

[1]    Statutory references are to this code.

[2]    An order denying a motion to set aside a summary judgment entered against a surety is an appealable order. (*County of Los Angeles v. Financial Casualty & Surety, Inc.* (2018) 5 Cal.5th 309, 314.)

2

On August 4, 2017, after Watts failed to appear during the extended appearance period, the court (Judge Kim) entered summary judgment on the forfeited bond in accordance with the terms of the bond. Notice was mailed to the North River parties.

On September 25, 2018 the North River parties timely filed a motion to set aside the summary judgment, arguing, as a matter of statutory interpretation and due process, summary judgment must be entered by the same bench officer who declared the forfeiture unless he or she is unavailable. Because there was no indication Judge Clover was unavailable when Judge Kim entered summary judgment, the North River parties argued, summary judgment was void.

The court (Judge Maame Frimpong) denied the motion. The North River parties filed a timely notice of appeal.

## DISCUSSION

1. *Governing Law and Standard of Review*

A bail bond """is a contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond."""" (*People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35, 42.) When a person for whom a bail bond has been posted and against whom a criminal complaint has been filed fails without sufficient excuse to appear as required, the court must declare the bail forfeited. (§ 1305, subd. (a); see *County of Los Angeles v. Financial Casualty & Surety, Inc.* (2018) 5 Cal.5th 309, 312; *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657.)

Once forfeiture is declared, the surety that posted the bond has a period of 180 days (plus five days for mailing) after the clerk of the court mails a notice of forfeiture to move to vacate

forfeiture and exonerate the bond. (§ 1305, subd. (c)(1); *People v. American Contractors Indemnity Co.*, *supra*, 33 Cal.4th at p. 657.) Upon a showing of good cause, the court may extend this appearance period by no more than 180 days from the date the trial court orders the extension. (§ 1305.4; *People v. Financial Casualty & Surety, Inc., supra*, 2 Cal.5th at p. 44.) If the forfeiture has not been set aside by the end of the appearance period, inclusive of any extension, "the court which has declared the forfeiture shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound." (§ 1306, subd. (a).)

The superior court's order granting or denying a motion to vacate the forfeiture of a bail bond is ordinarily reviewed for an abuse of discretion. (*People v. The North River Ins. Co.* (2018) 31 Cal.App.5th 797, 804.) However, when, as here, the facts are undisputed and the matter raised is a question of statutory construction, our review is de novo. (*County of Los Angeles v. Financial Casualty & Surety, Inc., supra,* 5 Cal.5th at p. 314; *The North River Ins. Co.*, at p. 659.) We must strictly construe the applicable forfeiture statutes in favor of the surety to avoid the "harsh results" of forfeiture. (*People v. International Fidelity Ins. Co.* (2018) 20 Cal.App.5th 345, 354; *The North River Ins. Co.*, at p. 804.)

2. *The Court Did Not Err in Denying the North River Parties' Motion To Set Aside the Summary Judgment*

"Our primary task 'in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. [Citation.] We consider first the words of a statute as the most reliable indicator of legislative intent.'" (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1041.) ""We interpret relevant terms in light of

4

their ordinary meaning, while also taking account of any related provisions and the overall structure of the statutory scheme to determine what interpretation best advances the Legislature's underlying purpose.'" [Citation.] 'If we find the statutory language ambiguous or subject to more than one interpretation, we may look to extrinsic aids, including legislative history or purpose, to inform our views.'" (*In re A.N.* (2020) 9 Cal.5th 343, 351-352; accord, *Los Angeles County Bd. of Supervisors v. Superior Court* (2016) 2 Cal.5th 282, 293.)

Section 1306, subdivision (a), requires "the court which has declared the forfeiture" to enter the summary judgment against the surety when the appearance time has expired and no motion to vacate forfeiture is pending. The statute refers to "court," not "judge" or "bench officer." A court is a single entity consisting of multiple judges or bench officers. (See Cal. Const., art. VI, § 4 ["[i]n each county there is a superior court of one or more judges"]; *People v. Konow* (2004) 32 Cal.4th 995, 1018 ["'jurisdiction is vested by the Constitution in the court and not in any particular judge or department thereof; and that whether sitting separately or together, the judges hold but one and the same court'"]; *B.F. v. Superior Court* (2012) 207 Cal.App.4th 621, 628 [same]; see also *In re Alberto* (2002) 102 Cal.App.4th 421, 428 ["'[t]he Superior Court of Los Angeles County, though comprised of a number of judges, is a single court'"].)

The North River parties contend the term "court" is ambiguous, insisting "court" and "judge" are often used interchangeably. (See *Mabee v. Nurseryland Garden Centers, Inc.* (1979) 88 Cal.App.3d 420, 424 ["[a] legion of cases without comment equate 'court' with the 'judge' in interpreting attorney fee clauses"], fn. omitted; *Newby v. Bacon* (1922) 58 Cal.App. 337,

339 ["the [L]egislature often uses the words 'court' and 'judge' without discrimination, and such words will be construed as synonymous whenever it is necessary to carry into effect the obvious intent of the [L]egislature"].)  This ambiguity in section 1306, subdivision (a), they continue, is resolved by standard principles of statutory construction requiring every word of the statute be given meaning.  (See *People v. Valencia* (2017) 3 Cal.5th 347, 357 [we "must 'accord[] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose' and have warned that '[a] construction making some words surplusage is to be avoided'"].)  Had the Legislature intended to permit any judge to enter summary judgment, they argue, it would have used the indefinite article "a" to modify court rather than the definitive article "the." (See *Honchariw v. County of Stanislaus* (2013) 218 Cal.App.4th 1019, 1034 ["[t]he Legislature's use of the definitive article 'the' is significant because the definitive article 'the' refers to a specific person or thing"].)  Likewise, they assert, if any judge could enter summary judgment, the phrase "the court that declared the forfeiture" would be surplusage.

The North River parties' argument misses the mark.  Section 1306 plainly requires the court that declared the forfeiture to enter the summary judgment.  However, that language does not state, and does not mean, the same judge of the court must enter both orders.  As discussed, it is the court that has jurisdiction of the matter, not a particular judge. (See *People v. Osslo* (1958) 50 Cal.2d 75, 104 ["[a]n individual judge (as distinguished from a court) is not empowered to retain jurisdiction of a cause[;] [t]he cause is before the court, not the

6

individual judge of that court"]; *People v. Madrigal* (1995) 37 Cal.App.4th 791, 796 [same].)

The legislative history of section 1306, subdivision (a), reinforces our conclusion.  Originally enacted in 1872, section 1306 was rewritten by the Legislature in 1927, at a time when state courts included justice and municipal courts, to provide, "When any bond is forfeited, if the court which has declared the same forfeited has civil jurisdiction to render judgment in an action arising upon a contract of similar nature and amount ninety days after such forfeiture, if the same has not been set aside, it shall enter summary judgment against each bondsman named in such bond . . . ."  (Stats. 1927, ch. 734, § 1, p. 1385.)  If "the court declaring such forfeiture has not jurisdiction to give judgment in an action arising upon a contract of similar nature and amount," the district attorney must file the bond and certified copy of the forfeiture "in a court having jurisdiction to render judgment in [the] action"; and "[t]he court in which said bond and certified copy of forfeiture shall be so filed shall forthwith enter a summary judgment . . . in the amount for which said bondsman shall have bound himself." (*Ibid*.)  In other words, the court that declared the forfeiture was then authorized to enter summary judgment only if, as determined by the amount of the bond, it had subject matter jurisdiction to do so.  If not, the matter had to be filed in the proper jurisdiction.

The statute was amended several times over the following decades.  As pertinent here, in 1977 the Legislature again amended section 1306, subdivision (a), specifically to eliminate the administrative difficulties related to transferring a matter to another court for entry of summary judgment when the first court lacked jurisdiction to enter the summary judgment.  As

7

then amended, section 1306, subdivision (a), expressly authorized the court that declared the forfeiture to enter summary judgment regardless of the amount of the bond:  When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond . . . ." (Stats. 1977, ch. 889, § 3.5, p. 2662; see Legis. Counsel's Dig., Sen. Bill No. 1107 (1977-1978 Reg. Sess., as introduced Apr. 20, 1977) ["Existing law provides that where a criminal defendant released from custody on bail by a municipal or justice court fails to appear before such court, the proceeding to declare forfeiture of bail must be transferred to superior court whenever the amount of bail exceeds $5,000.  [¶]  This bill would grant a municipal or justice court jurisdiction to declare a forfeiture of bail in such situation regardless of the amount of bail"].)

In 2012 the Legislature again revised section 1306, subdivision (a), to its current form, by deleting the phrase "regardless of the amount of the bail" in the first sentence as unnecessary in light of trial court unification.  (Stats. 2012, ch. 470, § 50, p. 50; see Cal. Law Revision Com. com., 51 West's Ann. Pen. Code (2020 supp.) foll. § 1306, p. 187 ["Subdivision (a) of Section 1306 is amended to delete language that is obsolete due to trial court unification.  Before unification, it was necessary to make clear that a municipal court was authorized to enter summary judgment on a bail forfeiture even though the amount of bail exceeded the jurisdictional limit of the municipal court"].)

As these iterations of section 1306 demonstrate, the Legislature's concern was with the jurisdiction of the forfeiture

court to enter summary judgment, not with the identity of the particular bench officer making that decision. It is undisputed the same court that declared the forfeiture in the case at bar (the Los Angeles Superior Court) entered summary judgment. Accordingly, the statutory mandate was satisfied.

As an alternative to their unsuccessful argument based on the language of section 1306, the North River parties insist that requiring the same bench officer who declared the forfeiture to enter summary judgment is a matter of due process. (See *People v. Buza* (2018) 4 Cal.5th 658, 682 ["a statute will be interpreted to avoid serious constitutional questions if such an interpretation is fairly possible"]; see also *National Asian American Coalition v. Newsom* (2019) 33 Cal.App.5th 993, 1014 ["'[w]hen faced with a statute reasonably susceptible of two or more interpretations, of which at least one raises constitutional questions, we should construe it in a manner that avoids *any* doubt about its validity'"].) They argue only the judge who heard the evidence of forfeiture has knowledge of the facts and evidence necessary to enter summary judgment. (See generally *Phillips v. Phillips* (1953) 41 Cal.2d 869, 874 [until judgment is entered, announcement of judgment is ineffectual; court may change its mind and make different findings of fact and conclusions of law]; *Heenan v. Sobati* (2002) 96 Cal.App.4th 995, 1005 [recognizing the importance of having "'"the judge who hears the evidence . . . decide the case"'"].)

The North River parties' argument misapprehends the nature of summary judgment in the bail context. Summary judgment following a declaration of forfeiture is a consent judgment entered without a hearing pursuant to the terms of the bail bond. (*People v. American Contractors Indemnity Co.* (2015)

9

238 Cal.App.4th 1041, 1047 ["summary judgment in a bail forfeiture is a consent judgment entered without a hearing and the proceedings are not adversarial"]; *County of Los Angeles v. Amwest Ins. Co.* (1983) 147 Cal.App.3d 961, 967.) Once forfeiture has been declared, the surety that posted the bond has a statutory appearance period in which to move to vacate the forfeiture. (*People v. American Contractors Indemnity*, *supra,* 33 Cal.4th at p. 657.) If the forfeiture has not been vacated at the end of the appearance period, the court has no choice but to enter summary judgment in accordance with the terms stated in the bond. (§ 1306, subd. (a); *County of Los Angeles v. Williamsburg National Ins. Co.* (2015) 235 Cal.App.4th 944, 954 ["[a]fter the exoneration [appearance] period expires—and no timely filed motion to vacate forfeiture or extend the exoneration period is pending—the court lacks jurisdiction to do anything but enter summary judgment"].)

Here, the record before Judge Kim reflected the earlier declaration of forfeiture, the expiration of the appearance period during which forfeiture could be vacated and the absence of a pending motion to vacate forfeiture. With that information, Judge Kim was required to enter summary judgment in accordance with the bond's terms. There was no due process violation. (See *County of Los Angeles v. Amwest Surety Ins. Co.*, *supra*, 147 Cal.App.3d at p. 967 [statutory procedure requiring entry of summary judgment in accordance with terms of bond satisfies due process; statutory scheme authorizes entry of summary judgment only after notice and opportunity to move to vacate forfeiture].)

The North River parties' reliance on *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1295 (*Frontier*) is

misplaced.  In *Frontier* the court of appeal held the summary judgment against a surety was void because it was signed by the court clerk, not the judge.  Because section 1306, subdivision (a), explicitly authorized the court to enter summary judgment, the *Frontier* court held, that judicial function could not be performed by the court's clerk.  (See *id.* at p. 1294 ["[t]he rendition of judgment is not a ministerial act which may be delegated to the clerk"].)  In the case at bar, in contrast, summary judgment was signed by Judge Kim as required by section 1306.  The North River parties' bare assertion that the court clerk "rendered" the summary judgment is baseless.  (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 715 ["the general rule is that, faced with a silent record, an appellate court will presume that the trial court performed its duty and acted in the lawful exercise of its jurisdiction"]; see generally *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 ["it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment"].)

## DISPOSITION

The order denying the North River parties' motion to vacate summary judgment and exonerate the bond is affirmed. The People are to recover their costs on appeal.


PERLUSS, P. J.

We concur:


SEGAL, J.              FEUER, J.


11